United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20988

_____

BLEWETT WILLIAM THOMAS

                          Plaintiff-Appellee

    v.

UNIVERSITY OF HOUSTON

                          Defendant-Appellant

_____

        Appeal from the United States District Court
        for the Southern District of Texas, Houston
_____

Before KING, Chief Judge, and HIGGINBOTHAM and BARKSDALE, Circuit
Judges

PER CURIAM:[*]

    Our recent decisions in Miller v. Tex. Tech Univ. Health

Sci. Ctr., 421 F.3d 342 (5th Cir. 2005) (en banc), and Pace v.

Bogalusa City Sch. Bd., 403 F.3d 272 (5th Cir. 2005) (en banc),

resolve all of the remaining issues raised in this appeal.  We

therefore AFFIRM the district court's holding that the defendant-

appellant, the University of Houston, is not immune under the

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Eleventh Amendment to the suit of the plaintiff-appellee, Blewett William Thomas, based on § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

**DISCUSSION**

Plaintiff-appellee Blewett William Thomas ("Thomas") alleges that the Social Security Administration found him to be temporarily and totally disabled as a result of stress and illness resulting from his employment as a litigation attorney. To rectify this disability, Thomas claims that his physicians directed him to suspend all employment and undertake a rehabilitation program. Specifically, Thomas's physicians allegedly advised him to eschew litigation and to return to a formal academic environment. This suit resulted.

To fulfill his rehabilitation program, Thomas repeatedly applied to the Master of Laws ("LL.M") program offered by the Law Center of defendant-appellant, the University of Houston ("University of Houston" or "University"), beginning in October of 1998. In conjunction with this first application, Thomas allegedly informed the University about his disability status and the nature of his planned rehabilitation. The University rejected this initial application to the LL.M program at the Law Center, but Thomas did win admission to the University's Department of Foreign and Classical Languages as a post-baccalaureate student in Russian Studies. Undaunted by his

initial failure, and apparently unsatisfied with Russian Studies, Thomas redoubled his efforts to enter the University's LL.M program. Unfortunately, his subsequent applications met with no greater success than his initial efforts.

Following at least three rejections by the University's LL.M program, Thomas filed this suit in the Southern District of Texas, Houston Division, on February 14, 2001. In his complaint, Thomas alleged the University committed multiple violations of his constitutional rights as part of a continuing pattern of discrimination and retaliation against him during the period of October 15, 1998 through March 30, 2000.[2] The University moved to dismiss, claiming Eleventh Amendment immunity. The district court dismissed most of Thomas's claims, but it refused to dismiss his claim under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("§ 504").[3] See District Ct. Op. at 6-8 (declining to dismiss Thomas's Rehabilitation Act claim, after

---

[2]  Thomas's complaint also alleged that the University breached duties of good faith and fair dealing during his application process. This claim was dismissed along with most of his constitutional claims by the district court.

[3]  Section 504 of the Rehabilitation Act of 1973 provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). This "antidiscrimination mandate" was enacted to "enlist[] all programs receiving federal funds" in Congress's attempt to eliminate discrimination against individuals with disabilities. Sch. Bd. of Nassau County v. Arline, 480 U.S. 273, 286 n. 15, 277 (1987).

surveying recent precedent from this court and other jurisdictions about waiver of sovereign immunity for states that accept federal funds under the Rehabilitation Act).

The University appealed the district court's decision to this court. On January 17, 2003, we granted the United States's unopposed motion to intervene to defend the constitutionality of 42 U.S.C. § 2000d-7. We held this case in abeyance pending our en banc opinions in Pace and Miller.

The only issue before us in this appeal is whether the University, an undisputed arm of the state of Texas, can assert sovereign immunity under the Eleventh Amendment against Thomas's § 504 claims. "We review Eleventh Amendment immunity determinations . . . de novo as a question of law." United States v. Tex. Tech Univ., 171 F.3d 279, 288 (5th Cir. 1999) (citing Ussery v. Louisiana, 150 F.3d 431, 434 (5th Cir. 1998)). The statute at issue is 42 U.S.C. § 2000d-7, which reads in relevant part:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 . . . or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

Congress enacted this provision in order to demonstrate to state agencies that eligibility for federal financial assistance is conditional upon waiver of Eleventh Amendment immunity to discrimination suits under the identified statutes. See Pederson

4

v. La. State Univ., 213 F.3d 858, 875-76 (5th Cir. 2000) (concluding that Section 2000d-7 validly conditions acceptance of federal funds on a waiver of sovereign immunity to claims under Title IX); see also Lane v. Pena, 518 U.S. 187, 197-200 (1996).

This court has resolved this precise issue in two recent en banc decisions. Then as now, we held that a state "waive[s] Eleventh Amendment immunity from suit under § 504 by accepting federal funds under such circumstances [the express conditions of 42 U.S.C. § 2000d-7]." Miller, 421 F.3d at 347 (citing Pace, 403 F.3d at 272).[4] In a supplemental letter brief filed after our recent decisions, the University concedes that "[t]his appeal presents the same issues, and is thus governed by Miller." (Appellant's Supplemental Letter Br. at 1.) We agree. Accordingly, the decision of the district court is

AFFIRMED.

---

[4] Our holding in this matter accords with the decisions of our sister circuits. As we stated in Miller,

> [w]e agree with the four circuit courts that have addressed this issue and concluded that, if the involved state agency or department accepts federal financial assistance, it waives its Eleventh Amendment immunity even though the federal funds are not earmarked for programs that further the anti-discrimination and rehabilitation goals of § 504.

421 F.3d at 349 (citing Barbour v. Wash. Metro. Area Transit Auth., 374 F.3d 1161 (D.C. Cir. 2004); Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002); Koslow v. Pennsylvania, 302 F.3d 161 (3d Cir. 2002); Jim C. v. United States, Atkins Sch. Dist., 235 F.3d 1079 (8th Cir. 2000) (en banc)).